[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 10-12818
Non-Argument Calendar

_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
NOVEMBER 28, 2011
JOHN LEY
CLERK

D.C. Docket No. 1:09-cr-00066-KD-C-1

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

versus

LEONARDO TREMAYNE CARSON,
a.k.a. Nardo,
a.k.a. Leo,

Defendant - Appellant.

_____

Appeal from the United States District Court
for the Southern District of Alabama

_____

(November 28, 2011)

Before WILSON, PRYOR and KRAVITCH, Circuit Judges.

PER CURIAM:

Leonardo Carson appeals his convictions for conspiracy to possess with

intent to distribute cocaine, cocaine base (crack), and marijuana in violation of 21 U.S.C. § 846, and possession with intent to distribute crack in violation of 21 U.S.C. § 841(a)(1). On appeal, Carson argues four claims: (1) the district court committed plain error and violated the Double Jeopardy Clause when it imposed a separate sentence for each of the three conspiracy charges;[1] (2) the district court abused its discretion in admitting into evidence two exhibits concerning a marijuana conspiracy involving Kurt Vollers and John Newton because the evidence is hearsay, irrelevant, and unfairly prejudicial; (3) the district court abused its discretion in excluding evidence of Wilbert Carson's (Wilbert) suicide attempts; and (4) the cumulative effect of the alleged errors denied him a fair trial.

I.

Where a defendant does not object to his multiple sentences below, we review only for plain error. *United States v. Frank*, 599 F.3d 1221, 1239 (11th Cir. 2010), *cert. denied*, 131 S. Ct. 186 (2010). We "correct a plain error when (1) an error has occurred, (2) the error was plain, and (3) the error affected substantial rights." *United States v. Williams*, 527 F.3d 1235, 1240 (11th Cir. 2008) (citations

---

[1] Carson also challenges the indictment as multiplicitous. However he waived this issue on appeal under Federal Rule of Criminal Procedure 12(b)(3)(B) by failing to raise the issue before trial. He can still object to the imposition of multiple sentences. *See United States v. Mastrangelo*, 733 F.2d 793, 800 (11th Cir. 1984).

and quotation marks omitted).

"An indictment is multiplicitous if it charges a single offense in more than one count." *Id.* at 1241 (citation omitted). Thus, a multiplicitous indictment violates double jeopardy principles by giving the jury more than one opportunity to convict the defendant for the same offense. *Id.* If counts in the indictment are multiplicitous, separate sentences resulting from those counts are also multiplicitous. *See United States v. Mastrangelo*, 733 F.2d 793, 800 (11th Cir. 1984).

"We analyze issues of double jeopardy under the test set forth by the Supreme Court in *Blockburger v. United States*, 284 U.S. 299, 52 S. Ct. 180, 76 L.Ed. 306 (1932)." *Williams*, 527 F.3d at 1240 (citation omitted). "[T]the *Blockburger* test is one of statutory interpretation in which we examine the elements of each offense to determine whether Congress intended to authorize cumulative punishments." *Id.* (citation omitted). Therefore, we must analyze the statute that Carson was found guilty of violating to see if each offense "requires proof of an additional fact which the other does not." *Blockburger v. United States*, 284 U.S. at 304, 52 S. Ct. at 182. Where the potentially multiplicitous violations are all charged under a single statute, the key question "is whether the legislature authorized separate punishments for separate offenses." *Ward v.*

*United States*, 694 F.2d 654, 661 n.13 (11th Cir. 1983) (citation omitted). "When Congress has authorized punishment for specific types of conspiracies, a defendant may be prosecuted for each, regardless of whether the different prohibited objects were the subject of but one conspiratorial agreement." *Id.* (citing *Albernaz v. United States*, 450 U.S. 333, 337–41, 101 S. Ct. 1137, 1141–43 (1981)).

We therefore start by examining the statutory language to decide if the multiple sentences against Carson are valid. Drug conspiracies are prohibited by 21 U.S.C. § 846, which states that "[a]ny person who attempts or conspires to commit any offense defined in this subchapter shall be subject to the same penalties as those prescribed for the offense, the commission of which was the object of the attempt or conspiracy." A conspiracy to possess with intent to distribute violates 21 U.S.C. § 841, which prohibits any person from knowingly or intentionally possessing with an intent to distribute a controlled substance. The language of § 846 makes it clear that Congress authorized punishment for controlled substance conspiracies in the same manner as controlled substance possession under § 841. The penalties prescribed for § 841 offenses correspond to different quantities of different controlled substances, and list each drug in the disjunctive. *Compare* 21 U.S.C. § 841(b)(1)(A) (punishing equally the possession

4

of 1 kilogram or more of heroin, 5 kilograms or more of cocaine, 280 grams or more of crack, and 1000 kilograms or more of marijuana), *with* 21 U.S.C. § 841(b)(1)(B) (providing a different penalty from § 841(b)(1)(A) for 100 grams or more of heroin, 500 grams or more of cocaine, 28 grams or more of crack, and 100 kilograms or more of marijuana). The statutory language indicates that Congress intended to impose multiple punishments for possession with intent to distribute of different controlled substances. *See also United States v. Davis*, 656 F.2d 153, 156–60 (5th Cir. Unit B 1981) (holding that multiple sentences may be imposed for "simultaneous possession" of different controlled substances under 21 U.S.C. § 841(a)). Because Congress also intended for conspiracies to possess with intent to distribute to be punished in the same manner as those prescribed in 21 U.S.C. § 841, the district court properly imposed multiple sentences against Carson for each conspiracy that the jury found him guilty of committing. *See Albernaz*, 450 U.S. at 344, 101 S. Ct. at 1145.

## II.

We review evidentiary admissibility determinations for an abuse of discretion. *United States v. Underwood*, 446 F.3d 1340, 1345 (11th Cir. 2006). We review a district court's factual finding that a statement was made in the furtherance of a conspiracy under the clearly erroneous standard. *United States v.*

*Bazemore*, 41 F.3d 1431, 1433 (11th Cir. 1994).

Hearsay is a "statement, other than one made by the declarant while testifying at the trial or hearing, offered in evidence to prove the truth of the matter asserted," and is generally not admissible. Fed. R. Evid. 801, 802. However, "inadmissible extrinsic evidence is admissible on redirect as rebuttal evidence, when defense counsel has opened the door to such evidence during cross-examination." *United States v. West*, 898 F.2d 1493, 1500 (11th Cir. 1990) (citations omitted).

An out-of-court statement of a co-conspirator, made during the course and in furtherance of the conspiracy, is not hearsay. Fed. R. Evid. 801(d)(2)(E). Before a co-conspirator's statement may be admitted, however, the government must prove that: (1) a conspiracy existed; (2) the conspiracy included the declarant and the defendant against whom the statement is offered; and (3) the declarant made the statement during the course and in furtherance of the conspiracy. *United States v. Santiago*, 837 F.2d 1545, 1549 (11th Cir. 1988). When determining whether these conditions have been satisfied, the district court may rely on information provided by the co-conspirator's proffered statement, as well as independent external evidence. *United States v. Byrom*, 910 F.2d 725, 735–36 (11th Cir. 1990). Finally, we "appl[y] a liberal standard in determining whether a

statement is made in furtherance of a conspiracy." *Santiago*, 837 F.2d at 1549 (citation omitted).

"Relevant evidence" is "evidence having any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence." Fed. R. Evid. 401. Irrelevant evidence is inadmissible. Fed. R. Evid. 402. However, relevant evidence "may be excluded if its probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury." Fed. R. Evid. 403. We have held that Rule 403 is an "extraordinary remedy" whose "major function" is to exclude "matter of scant or cumulative probative force, dragged in by the heels for the sake of its prejudicial effect." *United States v. Hands*, 184 F.3d 1322, 1328 (11th Cir. 1999) (quotations omitted).

The district court properly admitted government's exhibit 22, the alleged drug ledger that Officer Carstarphen found in Newton's apartment. Although the ledger was initially excluded, defense counsel asked Officer Carstarphen if he had seen "a car associated with [Carson] or anything" at Newton's apartment. The court's ruling that use of the word "anything" opened the door to admission of the drug ledger was not an abuse of the discretion, as the ledger was associated with Carson and found at the apartment.

The court properly admitted government's exhibit 25, the text message between Vollers and Newton, under the co-conspirator exception to the hearsay rule. The district court's ruling was supported by the content of the message itself; the frequent phone calls between Vollers, Newton, and Carson; and the fact that Vollers and Newton were dealing extremely large quantities of marijuana. Carson argues that the high volume of phone calls between Vollers, Newton, and Carson is due to the fact that the three men were teammates on the Dallas Cowboys. However, this bare allegation does not show that the district court abused its discretion in permitting government's exhibit 25 into evidence.

Furthermore, the exhibits were not irrelevant, as they made it more likely that Carson could obtain large quantities of marijuana to support the alleged conspiracy to possess with intent to distribute marijuana, and were not so prejudicial that they should have been excluded under Rule 403. Therefore, the exhibits were properly admitted by the district court.

### III.

We review the district court's restrictions on cross-examination for an abuse of discretion. *United States v. Baptista-Rodriguez*, 17 F.3d 1354, 1370–71 (11th Cir. 1994). The Confrontation Clause of the United States Constitution guarantees criminal defendants the right to cross-examine witnesses. *Pointer v. Texas*,

380 U.S. 400, 404, 85 S. Ct. 1065, 1068 (1965). The Confrontation Clause "guarantees only an *opportunity* for effective cross-examination, not cross-examination that is effective in whatever way, and to whatever extent, the defense might wish." *Kentucky v. Stincer*, 482 U.S. 730, 739, 107 S. Ct. 2658, 2664 (1987) (citation and quotation marks omitted). The defendant's rights under the Confrontation Clause are satisfied when the "cross-examination permitted exposes the jury to facts sufficient to evaluate the credibility of the witnesses and enables defense counsel to establish a record from which he can properly argue why the witness is less than reliable." *Mills v. Singletary*, 161 F.3d 1273, 1288 (11th Cir. 1998) (per curiam) (citation and quotation marks omitted). Once there is sufficient cross-examination to satisfy the Confrontation Clause, the district court may limit further cross-examination within its discretion. *United States v. Diaz*, 26 F.3d 1533, 1539–40 (11th Cir. 1994) (finding that a defendant's wish to explore bias on the part of a prosecution witness "does not automatically void the court's ability to limit cross-examination").

The district court properly limited the cross-examination of Wilbert by excluding evidence of his suicide attempts, because the jury was able to evaluate Wibert's credibility and bias through other facts: his past drug conviction, prior inconsistent statements about who was transporting how much marijuana from

9

Texas, his plea agreement, and the testimony from Rosemary Carson that Wilbert told her that the government was exerting pressure on him to testify. Therefore, the district court did not abuse its discretion when it disallowed evidence of Wilbert's suicide attempts.

IV.

Under the cumulative error doctrine, even if individual judicial errors would not be sufficient to warrant reversal, the defendant may have been denied a fair trial when the effect of all the errors is evaluated cumulatively. *United States v. Lopez*, 590 F.3d 1238, 1258 (11th Cir. 2009). "In addressing a claim of cumulative error, we must examine the trial as a whole to determine whether the appellant was afforded a fundamentally fair trial." *Id.* (quotation omitted).

Here, the district court did not err; therefore, there was no cumulative error.

**AFFIRMED.**